McGREGOR W. SCOTT
United States Attorney
STEPHANIE HAMILTON BORCHERS
Assistant U.S. Attorney
United States Courthouse
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>APPROXIMATELY $245,115.00 IN U.S. CURRENCY,<br><br>APPROXIMATELY $101,557.31 IN U.S. CURRENCY,<br><br>APPROXIMATELY $17,407.00 IN U.S. CURRENCY SEIZED FROM WELLS FARGO BANK ACCOUNT NUMBER 9188520176 ON SEPTEMBER 13, 2006,<br><br>  Defendants. | 1:08-MC-00003-OWW<br><br>**CONSENT JUDGMENT OF FORFEITURE** |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1.  On or about February 8, 2007, Abdel Jabbar Damen Jaber (hereafter "Jaber") was charged in a Superseding Indictment with violations of 31 U.S.C. §§ 5324(a)(1) and 5324(d) - Causing or Attempting to Cause a Financial Institution to Fail to File a Currency Transaction Report.  The Superseding Indictment also contained a Forfeiture Allegation, which included approximately $245,115.00 in U.S. Currency seized from Abdel Jabbar Damen Jaber on or about September 8, 2006; approximately $101,557.31 in U.S. Currency seized from Shop Kwik Market, Reedley, California, on or about September 8, 2006; and approximately $17,407.00 in U.S. Currency

1  seized from Wells Fargo Bank Account number 9188520176 on or about September 13, 2006
2  (collectively "defendant currency").

3    2.    The United States Department of Treasury, Internal Revenue Service ("IRS")
4  conducted an investigation of Jaber, the owner and operator of Shop Kwik Market, located at 1604
5  'G' Street in Reedley, California, and his failure to meet the Currency Transaction Report ("CTR")
6  reporting requirements on currency transactions in excess of $10,000.00. This investigation revealed
7  Jaber's failure to file CTR's involving more than $100,000.00 in a 12-month period.

8    3.    In May 2005, Jaber re-filed Treasury Department Form 90-22.55 ("TDF 90-22.55")
9  Registration of Money Service Business, as the agent authorized to conduct a check-cashing and
10 money transmission business through Shop Kwik Market, Inc. By refiling Form TDF 90-22.55,
11 Jaber acknowledged that a CTR was required on currency transactions in excess of $10,000.00.

12    4.    In the course of the investigation the government obtained a random sampling of
13 records from June 2005 to March 2006 from Wells Fargo Bank. Account records for one week out
14 of each month showed a total of 53 checks cashed through Shop Kwik Market in amounts greater
15 than $10,000.00 between June 2005 to March 2006. The amount of the 53 checks totaled
16 $1,521,905.40. A review of Financial Crimes Network ("FinCEN") records indicated that no CTR's
17 were filed on any of these transactions by Jaber or Shop Kwik Market. Each of the 53 checks
18 exceeded $10,000.00 in face value.

19    5.    On December 5, 2007, in *United States v. Abdel Jabbar Damen Jaber*, 1:06-CR-
20 00296 AWI, the criminal indictment was dismissed against Jaber.

21    6.    Without admitting the factual assertions contained in paragraphs 2-4, Abdel Jabbar
22 Damen Jaber admits for purposes of this matter only that a factual basis exists to support forfeiture
23 of the defendant currency. Abdel Jabbar Damen Jaber hereby acknowledges that he is the sole owner
24 of the defendant currency, and that no other person or entity has any legitimate claim of interest
25 therein. Should any person or entity institute any kind of claim or action against the government
26 with regard to its forfeiture of the defendant currency, Abdel Jabbar Damen Jaber shall hold harmless
27 and indemnify the United States, as set forth below.
28 ///

1   7.  This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

8.  This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the property was seized.

9.  The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

10.  The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

11.  All right, title, and interest in $25,000.00 of the approximately $245,115.00 in U.S. Currency, not including any interest that may have accrued on that amount, shall be forfeited to the United States pursuant to 31 U.S.C. § 5317(c)(2), to be disposed of according to law.

12.  Upon entry of this Consent Judgment of Forfeiture, but no later than 45 days thereafter, IRS shall return $220,115.00 of the approximately $245,115.00 in U.S. Currency, together with any interest that may have accrued on the $245,115.00 in U.S. Currency, to Abdel Jabbar Damen Jaber through his attorney Anthony P. Capozzi at 1233 W. Shaw Avenue, Suite 102; Fresno, California 93711.

13.  Upon entry of this Consent Judgment of Forfeiture, but no later than 45 days thereafter, IRS shall return $101,557.31 in U.S. Currency, together with any interest that may have accrued on that amount, to Abdel Jabbar Damen Jaber through his attorney Anthony P. Capozzi at 1233 W. Shaw Avenue, Suite 102; Fresno, California 93711.

14.  Upon entry of this Consent Judgment of Forfeiture, but no later than 45 days thereafter, IRS shall return $17,407.00 in U.S. Currency seized from Wells Fargo Bank Account number 9188520176 on or about September 13, 2006, together with any interest that may have accrued on that amount, to Abdel Jabbar Damen Jaber through his attorney Anthony P. Capozzi at 1233 W. Shaw Avenue, Suite 102; Fresno, California 93711.

///

15. Plaintiff United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure and/or forfeiture of the defendant currency. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure and/or forfeiture, as well as to those now known or disclosed.  The parties to the Stipulation filed herein have agreed to waive the provisions of California Civil Code § 1542, which provides: **"A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."**

16. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court finds that there was reasonable cause for the seizure of the defendant currency and a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be entered accordingly.

17. No portion of the stipulated settlement, including statements or admissions made herein, shall be admissible in any criminal action pursuant to Rules 408 and 410(4) of the Federal Rules of Evidence.

18. All parties will bear their own costs and attorneys' fees.

**IT IS SO ORDERED.**

Dated: February 8, 2008                         /s/ OLIVER W. WANGER
                                                OLIVER W. WANGER
                                                United States District Judge

**CERTIFICATE OF REASONABLE CAUSE**

Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

Dated: February 8, 2008                         /s/ OLIVER W. WANGER
                                                OLIVER W. WANGER
                                                United States District Judge